CONLAN, J. The action was upon a policy of insurance insuring the plaintiffs against loss by fire in the sum of $1,500. The trial court took from the consideration of the jury the right to ascertain and compute from the evidence the amount of damages which the plaintiffs were entitled to recover, after conceding to them such right of recovery. There was no request for a direction by either side.

In the exclusion of evidence of value as to property destroyed, and which we think was properly offered, and of a sufficient character to entitle it to be considered by a jury in arriving at the amount of damage, the court itself undertook to and did apparently ascertain and fix a sum for less than the amount recoverable under the policy, and for the amount so ascertained directed a verdict. We think this was error. Upon all of the evidence, we are of the opinion that the jury should have been permitted to make its own calculations of the actual amount of damages sustained, and that a judgment entered upon a verdict such as was here found, under the direction of the court, ought not to stand. Again, at the conclusion of the remarks of the learned trial justice at the close of the plaintiffs' case, the plaintiffs' counsel requested the court that he be allowed, in view of the court's opinion thus given, to offer additional proof upon the question of the value of the goods left with the plaintiffs for alterations and repairs, and which were on the premises at the time of the fire, and this was denied. We think the request was reasonable, and should have been permitted, and that the evidence as well adduced on that precise question should have been left to the consideration of the jury.

It is worthy of notice that the defendant offered no witnesses on its behalf, so we think that, upon all the evidence, the plaintiffs had the undoubted right to have the question of damages submitted to the jury, and without instructions as to the amount from the court at trial term.

Entertaining these views, we think the judgment and order appealed from must be reversed, and a new trial ordered, with costs to the appellants to abide the event.

FITZSIMONS, C. J., concurs.

---

### KOHL v. METROPOLITAN ST. RY. CO.

(City Court of New York, General Term. October 29, 1900.)

TRIALS—DISMISSAL OF COMPLAINT.
    Where evidence for plaintiff is sufficient to entitle him to a verdict, if it is not contradicted, it is error to dismiss the complaint.

Appeal from trial term.

Action by A. Joseph Kohl against the Metropolitan Street-Railway Company. From a judgment dismissing the complaint, the plaintiff appeals. Reversed.

Argued before FITZSIMONS, C. J., and CONLAN, J.

G. Washbourne Smith, for appellant.
Henry A. Robinson, for respondent.

FITZSIMONS, C. J. The testimony of plaintiff, if not contradicted by defendant, would have entitled and justified the jury in rendering a verdict against defendant. It was error, therefore, to dismiss the complaint.

Judgment reversed, and new trial ordered, with costs to appellant to abide event.

CONLAN, J., concurs.